U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2005 JUN 21  A 9:17

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

EnergyNorth Natural Gas, Inc.

   v.                               Civil No. 99-502-JD

Century Indemnity Company


O R D E R

Following judgment as a matter of law entered in its favor on its declaratory judgment action against Century Indemnity Company, EnergyNorth Natural Gas, Inc. ("ENGI"), moved for an award of attorneys' fees and costs under New Hampshire Revised Statutes Annotated ("RSA") § 491:22-b. Century objected to the motion on a variety of grounds. The court asked for further briefing on the issue of prematurity, which the parties filed. The court issued an order on May 12, 2005, in which it held:

> ENGI did not pursue its breach of contract claim, because it was unripe, and, therefore, that claim was not litigated. For purposes of clarification, ENGI's breach of contract claim, along with any issues of indemnification, defense, and allocation that are separate from the question of coverage, are dismissed without prejudice as unripe.

Id. at *6.  The court ordered the parties to submit a schedule for addressing the remaining issues pertaining to an award of fees and costs, which was filed.  Judgment was entered on May 18, 2005, as to all issues except attorneys' fees and costs.

The parties have now filed their joint report regarding

ENGI's request for fees and costs. They have agreed to a final figure, $756,534.00, representing ENGI's fees and costs up to May 20, 2005, which is subject to Century's objection to the court's May 12, 2005, order and its reservation of rights for appeal, as stated in the parties' report. In addition, the parties state in the report that the issue of ENGI's attorneys' fees and costs will have to be addressed "at a later point because ENGI has and will continue to incur attorneys' fees and costs related to (1) this action and its appeal; and (2) the resolution of certain post-trial issues, such as allocation." Report at 2.

As the court previously held, other issues, including allocation, have been dismissed without prejudice as unripe. Therefore, no additional fees or costs will be awarded as part of this litigation for time spent on those issues. To the extent that allocation or any other issues may arise at a later time, any request for fees and costs for time spent on such issues would have to be raised and addressed in a new and separate action. The question of attorneys' fees and costs on appeal must be addressed as part of the appeal. See, e.g., Titan Holdings Syndicate, Inc. v. City of Keene, 898 F.2d 265, 274 (1st Cir. 1990); Bianco, P.A. v. Home Ins. Co., 147 N.H. 249, 254 (2001).

The parties represent that they have agreed to an amount of attorneys' fees and costs arising from the litigation of the case

2

in this court, subject to Century's objection and reservation of rights on appeal. The agreed amount of $756,534.00 is approved, subject to the stated objections and reservations. Therefore, the issue of attorneys' fees and costs for litigation in this court is resolved as agreed by the parties, and no other issues remain to be addressed in this case.

## Conclusion

The clerk of court shall enter final judgment in accordance with this order, stating that the amount of fees and costs agreed to by the parties, $756,534.00, is approved subject to Century's objection and the reservations stated in the report filed on June 16, 2005, and in accordance with the judgment entered on May 18, 2005, and close the case.

SO ORDERED.

*/s/ Joseph A. DiClerico*
Joseph A. DiClerico, Jr.
United States District Judge

June 21, 2005

cc: John L. Altieri, Esquire
    Bruce W. Felmly, Esquire
    Eric A. Kane, Esquire
    Lawrence A. Serlin, Esquire